FILED
2017 Jul-28  AM 09:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **STEPHANIE BILLINGS,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **PHILLIPS AND JORDAN, INC.** | ) | **JURY DEMAND** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |
| | ) | |

## COMPLAINT

### I.    INTRODUCTION

1.    Through this complaint, Stephanie Billings, ("Plaintiff") asserts federal claims of racial harassment, race discrimination, retaliation and sexual discrimination in violation of Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended by the Civil Rights Act of 1991, ("Title VII") and 42 U.S.C. Section 1981a and 42 U.S.C. Section 1981 against Defendant Phillips and Jordan, Inc.

### II.    JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202. Venue is proper in the Northern District of Alabama under 28

U.S.C. §1391(b), and the Southern Division pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

3.    Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her EEOC Charge of discrimination on July 25, 2016, which was within 180 days of the occurrence of the last discriminatory act.  Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the Equal Employment Opportunity Commission, which was issued on May 3, 2017.

## III.    PARTIES

4.    Plaintiff is an African American female who is over (19) years old, is a citizen of the United States, is a resident of the State of Alabama and was employed in the State of Alabama by Defendant. Plaintiff is an employee as defined under Title VII.

5.    Phillips and Jordan, Inc. is an entity subject to suit under Title VII and Section 1981 and employs at least fifteen (15) persons.

## III.    FACTUAL ALLEGATIONS

6.    Defendant, Phillip and Jordan, Inc. (hereinafter referred to as "Defendant") hired Plaintiff on or around August 24, 2015 to work at TVA's Colbert Steam Plant in Tuscumbia, Alabama as a laborer making $18.57 per hour.

2

7.   Plaintiff was referred to Defendant through her local union, and she was the second of ten laborers hired out of her local union hall.

8.   Plaintiff was the only African American woman employed by Defendant on the project at the  Colbert Steam Plant.

9.   Shortly after Plaintiff was hired she found the word "nigger" written in the port-a-john she had to use.

10.   Plaintiff reported this racial graffiti to the safety manager, Anthony McGee, a white male, whom Plaintiff understood to be in her chain of command, but nothing was done to the graffiti.

11.   The Project Superintendent of the job site where Plaintiff worked, Jody Stutts, told plaintiff that his white sister, Lisa Stutts Flatt, was just there for "motivation".  Mr. Stutts told Plaintiff numerous times that she too could be a "motivator" like Lisa if she got a blond wig and blue contacts. Stutts also told Plaintiff that she should do her hair and wear make-up. Plaintiff understood Stutts to be telling her that if she could be white and attractive, she would be a motivator like Lisa.

12.   Plaintiff also experienced racial hostility on the job from her white co-workers. For example, a white TVA employee would make monkey noises when they drove past Plaintiff as she was working.  Plaintiff reported this to management.

13.     On or around April 21, 2016, Superintendent Stutts made the statement that he

        would put her up on the hill with a shovel "like a borrowed nigger"

14.     On or around April 25, 2016, Plaintiff confronted Jody Stutts about the above

        racial comment he had made about Plaintiff, and Stutts did not deny making

        this statement.

15.     Plaintiff contacted Human Resources and spoke to Terri Garcia and reported

        this racial comment and others to her.

16.     According to Defendant's response to the EEOC, Defendant admits Plaintiff

        did complain of racial discrimination.  Defendant stated to the EEOC that Jody

        Stutts met with Plaintiff and Plaintiff told Stutts that she had been hearing racial

        comments from co-workers at work.

17.     After Plaintiff complained of discrimination, Defendant moved Plaintiff to a

        different area where she would not work much around Stutts.

18.     Around late June 2016, Plaintiff missed work with a doctor's excuse.  When

        she returned to work at the morning meeting, Stutts made fun of Billings for

        being out of work and then returning to work in attempt to embarrass her before

        the other workers in the meeting.

19.     Right after the meeting, Plaintiff got on the van to go to work and another

        Supervisor named Jack Hall told Plaintiff to get her stuff and leave because she

4

had been laid off for a reduction in force.

20.   However, about two weeks before Plaintiff was laid off Defendant had hired another white female named Krystal Dabbs to work as a laborer like Plaintiff.

21.   In addition, shortly after Plaintiff was laid off, Defendant hired other white laborers to perform work she could have performed.

22.   At the time of her alleged reduction in force layoff Plaintiff had the highest seniority, and she had not been disciplined for any performance issues.

23.   In its response to Plaintiff's EEOC Charge, Defendant mentioned attendance issues with Plaintiff; however, when Plaintiff missed work she presented the proper paperwork documenting her absence while her white co-workers missed work without proper paperwork.

24.   At the time of her termination, Defendant indicated Plaintiff was eligible for rehire, but she has not been rehired.

25.   Respondent engages in a pattern and practice of discriminating against African Americans and females, and those that oppose discrimination suffer retaliation.

26.   Defendant engaged in the misconduct alleged herein with malice and/or reckless indifference to the plaintiff's federally protected rights.

**IV.   CAUSES OF ACTION**

**A.   COUNT I – RACE DISCRIMINATION**

5

27.    Plaintiff re-alleges and incorporates by reference paragraphs 1-26 above with the same force and effect as if fully set out in specific detail below.

28.    Defendant discriminated against Plaintiff by terminating her employment and failing to rehire her.

29.    Defendant's articulated reasons for the adverse employment actions (terminating Plaintiff and failing to rehire her) are not legitimate or are a pretext for discrimination; in the alternative, Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for these averse employment actions, race was at least a motivating factor in Defendant's decisions.

30.    Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

31.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

32.    Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### B.    COUNT II – GENDER DISCRIMINATION

33.   Plaintiff re-alleges and incorporates by reference paragraphs 1-32 above with the same force and effect as if fully set out in specific detail below.

34.   Defendant discriminated against Plaintiff by terminating her employment.

35.   Defendant's articulated reasons for the adverse employment actions (terminating Plaintiff and failing to rehire her) are not legitimate or are a pretext for discrimination; in the alternative, Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for these averse employment actions, gender was at least a motivating factor in Defendant's decisions.

36.   Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

37.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

38.   Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

7

### D.     COUNT IV – RETALIATION IN VIOLATION OF TITLE VII AND SECTION 1981

39.   Plaintiff re-alleges and incorporates by reference paragraphs 1-38 above with the same force and effect as if fully set out in specific detail herein below.

40.   Plaintiff objected to race and gender discrimination by reporting it to managers and to Human Resources and, after her termination, engaged in further protected activity by filing an EEOC Charge.

41.   In response to Plaintiff's opposition to racial and gender discrimination, Defendant retaliated against Plaintiff by discharging plaintiff, and Defendant further retaliated against Plaintiff for engaging in protected activity (filing an EEOC Charge) by failing to rehire her while hiring other laborers.

42.   There is a causal relationship between Plaintiff's engagement in protected activity and the materially adverse employment actions taken against her by Defendant.

43.   Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

44.   Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

45.  Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VII.   DAMAGES

46.  Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

47.  Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of Defendant's unlawful conduct.

48.  Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate relief.

## VIII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully pray that this Court assume jurisdiction of this action and after trial:

1.  Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of  company are violative of the rights of Plaintiff as secured by Title VII and 42 USC Section 1981

2.  Grant Plaintiff a permanent injunction enjoining Defendant, its agents,

9

successors, employees, attorneys and those acting in concert with Defendant from continuing to violate Title VII and 42 USC Section 1981.

3.    Enter an Order requiring Defendant to make Plaintiff whole by reinstating her to the position and salary level she would have occupied absent illegal discrimination and retaliation, and backpay (plus interest), award her front pay if reinstatement as described above is not possible, lost wages (plus interest), compensatory damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment pursuant to Title VII and Section 1981.

4.    Plaintiff prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Respectfully submitted,

 /s/ Jon C. Goldfarb
Jon C. Goldfarb (asb-5401-F58J)
L. William Smith (asb-8660-A61S)
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB LLC.

10

The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS:**
Phillips and Jordan, Inc.
c/o CT Corporation System
2 North Jackson St. Ste. 605
Montgomery, AL 36104